

POSTED ON WEB SITE

FILED

JAN 2 2 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                              )        Case No. 06-22225-D-7
                                    )        Docket Control No. BWL-1
BETSEY WARREN LEBBOS,               )
                                    )        DATE:   January 3, 2007
                                    )        TIME:   10:00 a.m.
                        Debtor.     )        DEPT:   D
_____)

### MEMORANDUM DECISION

Betsey Warren Lebbos ("the Debtor"), who initiated the above-captioned chapter 7 bankruptcy case (the "Case"), has moved the court to terminate the appointment of Linda Schuette (the "Trustee") in the Case, to terminate the appointment of Michael Dacquisto ("Counsel") as the Trustee's counsel in the Case, and for disciplinary relief against the Trustee and Counsel.

For the reasons set forth below, the court will deny the Debtor's motion.

### I. INTRODUCTION

The record in the Case shows that on June 26, 2006, the Debtor filed her voluntary chapter 7 petition. At that time, the Debtor was represented by attorney Darryll Alvey ("Mr. Alvey")[1].

After the Case was initiated, the Debtor transmitted to the court a letter that was addressed to the Honorable Michael McManus and the judges of this court. On November 1, 2006, this letter was filed in the Case, and on November 13, 2006, the court entered an order that construed the letter as a motion (a) to terminate the appointment of the Trustee, (b) to terminate the

---

1.   Mr. Alvey has since been authorized to withdraw as the Debtor's counsel.

appointment of Counsel as the Trustee's attorney, and (c) for disciplinary relief against the Trustee and Counsel.[2]  The order instructed interested parties to file documents under a stated briefing schedule, and also set a hearing on the Motion for January 3, 2007.

On November 27, 2006, the Debtor filed a declaration in support of the Motion, along with a set of exhibits.[3]  On December 15, 2006, the United States Trustee's office filed opposition to the Motion.  The opposition is supported by a declaration and a set of exhibits.  On December 18, 2006, the Trustee also filed opposition to the Motion.  The Trustee's opposition is supported by a declaration of the Trustee and a set of exhibits.

On December 27, 2006, the Debtor filed a reply, and on January 3, 2007, a statement of errata.[4]

On January 3, 2007, the court heard oral argument on the Motion.  At the hearing, the following parties appeared:  the

---

2.  Hereinafter, the Debtor's request for the described relief will be referred to as "the Motion."

3.  The court notes that the Debtor's declaration is printed with a caption that includes the misspelled name of her then-counsel, Mr. Alvey.  The document was not electronically filed, although Mr. Alvey typically files documents with this court electronically.  On Nov. 30, 2006, Mr. Alvey submitted what appear to be copies of the same documents as an exhibit to his declaration, in which he states that he did not prepare them.  These facts lead the court to conclude that the Debtor's declaration and exhibits filed Nov. 27, 2006 were prepared and filed by the Debtor, not Mr. Alvey.

4.  These documents, like the Debtor's December 27 declaration, are printed with captions that include the misspelled name of counsel and not were electronically filed.  The documents are not signed by Mr. Alvey, but instead by the Debtor, leading the court to conclude that the documents were prepared and filed by the Debtor, not Mr. Alvey.

1 | Debtor (by telephone); Mr. Alvey (by telephone), for the Debtor;
2 | Judith Hotze, for the United States Trustee; and Counsel (by
3 | telephone), for the Trustee.

4 | No objection was made to any evidence offered, including the
5 | exhibits.  The Motion having been briefed and argued by those
6 | parties who wished to be heard, the court took the Motion under
7 | submission.

8 | II. Facts

9 | The court has reviewed the documentary evidence and
10 | declarations submitted, and finds the following facts.  After the
11 | Case was initiated, the Trustee, in a letter to Mr. Alvey,
12 | requested that the Debtor produce certain documents by July 12,
13 | 2006.  In a letter faxed by the Debtor to Mr. Alvey, the Debtor
14 | asked Mr. Alvey to advise the Trustee that she would be required
15 | to go to Long Beach to retrieve certain requested documents, that
16 | she would be unable to do so immediately, and that Mr. Alvey
17 | should request an extension of the July 12 deadline.

18 | The Meeting of Creditors was conducted on July 19, 2006.
19 | The Debtor and Mr. Alvey appeared.  The Trustee stated that the
20 | Debtor had not provided all documents requested, and that she
21 | wanted to have the missing documents within twenty days (by
22 | August 8, 2006).  On the record, the Trustee continued the
23 | Meeting of Creditors to October 18, 2006.

24 | On or about August 4, 2006, the Debtor sent a letter to Mr.
25 | Alvey regarding the documents requested by the Trustee, and
26 | enclosed copies of some, but not all, of them.  On or about
27 | August 28, 2006, by which time all documents requested by the
28 | Trustee had not been delivered to Mr. Alvey, law enforcement

1  authorities put the Debtor under house arrest in Santa Clara
2  County.

3      The Trustee conducted the continued Meeting of Creditors on
4  October 18, 2006.  Mr. Alvey and Counsel appeared, but the Debtor
5  did not appear.  Counsel advised Mr. Alvey that he intended to
6  dispatch correspondence to the Debtor's probation officer, to
7  request that he instruct the Debtor that she would be authorized
8  to attend the next continued Meeting of Creditors.  Mr. Alvey
9  stated no objections.  On the record, the Trustee further
10 continued the Meeting of Creditors, to October 26, 2006, although
11 the report subsequently filed by the Trustee states that the
12 Debtor appeared.

13      On or about October 20, 2006, Counsel faxed to the Debtor's
14 probation officer the letter that was discussed at the October
15 18, 2006 continued Meeting of Creditors, with copies, also by
16 fax, to the Trustee and to Mr. Alvey.  On or about October 25,
17 2006, the Debtor advised Mr. Alvey that she would not appear at
18 the next continued Meeting of Creditors, and that her probation
19 officer would need a court order to take any further steps.  On
20 October 25, 2006, Mr. Alvey faxed a letter to the Trustee, which
21 stated that the Debtor could not appear at the continued Meeting
22 of Creditors the next day, and to request that the Meeting be
23 continued forty-five days.

24      The Trustee conducted the continued Meeting of Creditors on
25 October 26, 2006.  Neither Mr. Alvey nor the Debtor appeared,
26 although the initial report later filed by the Trustee states
27 that the Debtor appeared.  The Trustee further continued the
28 Meeting of Creditors to November 15, 2006.  Also on October 26,

- 4 -

2006, the Trustee filed a motion for an order compelling the Debtor to appear at her continued Meeting of Creditors and to produce requested documents.

On November 14, 2006, the Trustee filed amended reports concerning the October 18 and the October 26 continued Meeting of Creditors, in part to state that the Debtor did not appear at either Meeting.

Neither the Debtor nor Mr. Alvey appeared at the November 15, 2006 continued Meeting of Creditors.  The Trustee at that time further continued the proceeding, to January 17, 2007.

II. ANALYSIS

A.   Legal Standards

After notice and a hearing, a trustee may be removed from a case for cause.  11 U.S.C. § 324(a).  Generally, cause is to be determined on a case-by-case basis.  See In re Equimed, 267 B.R. 530, 532 (D. Md. 2001) (finding no cause where creditors disagreed with trustee regarding wisdom of settlement);  see also Dye v. Brown (In re AFI Holding, Inc.), __ B.R. __, 2006 W.L. 3298337 at *10 (B.A.P. 9th Cir. 2006) (adopting case-by-case, totality-of circumstances approach where lack of disinterestedness alleged).

The bankruptcy court has authority to discipline attorneys appearing before the court, and such discipline may include disbarment.  See In re Crayton, 192 B.R. 970, 976 (B.A.P. 9th Cir. 1996) (authority derived from the court's inherent power); Local Rule 83-184 of the U.S. District Court for the Eastern Dist. of Calif., made applicable by LBR 1001-1(c) (providing / / /

- 5 -

1  authority for discipline through contempt power, of any attorney

2  engaging in conduct warranting discipline or other sanctions).

3  C.    The Debtor's Arguments

4       The Debtor offers a series of arguments to the effect that

5  Counsel and the Trustee have committed acts that constitute cause

6  for termination of their employment and discipline by this court.

7  As discussed below, these arguments are without merit.

8    1. Alleged Wrongdoing in Connection with Employment of Counsel

9       The Debtor argues that the Trustee and Counsel acted wrongly

10  in regard to Counsel's employment.  She complains that the

11  Trustee's application to employ Counsel (the "Application") was

12  filed without notice to her.  First, a trustee's request to

13  employ a professional is properly brought by application, and a

14  noticed motion is not required.  See Fed. R. Bankr. P. 2014.

15  Second, both the Debtor and her counsel were in fact served

16  copies of the application and supporting declaration.  See Proof

17  of Service, attached to Application, filed at Docket No. 12.  The

18  Debtor's complaint is thus unfounded.

19       The Debtor further complains that Counsel should not have

20  filed the Application until such time as he was authorized to be

21  employed by the Trustee.  This assertion is spurious.  Not only

22  is it customary for an attorney employed by a trustee to prepare

23  and file the application for employment with a declaration signed

24  by the trustee, it remains that the attorney-client relationship

25  does not depend upon an order of the court to exist.  The court's

26  order authorizing employment merely establishes the attorney's

27  relationship to the bankruptcy estate, and in this case made

28  Counsel's employment effective as of July 20, 2006, well before

1   Counsel engaged in any activity about which the Debtor now
2   complains.   Contrary to the Debtor's assertions, it is clear that
3   Counsel appeared in this Case at all times with authority to act
4   as the Trustee's attorney.

5       Finally, the Debtor cites 28 U.S.C. § 586 for the
6   proposition that the Trustee had no authority to employ an
7   attorney for the Case.   The provision cited, however, governs the
8   duties of the United States Trustee, and does not limit the
9   duties or authority of panel trustees like the Trustee in this
10  Case.

11      Based on the foregoing, the court concludes that neither the
12  Trustee nor Counsel committed any wrongdoing in connection with
13  the employment of Counsel in the Case.

14
15                  2. Alleged Wrongdoing in Connection
                       With the Meeting of Creditors

16      The Debtor alleges that she was not given notice of the
17  continued Meetings of Creditors conducted on October 18, 2006 and
18  on October 26, 2006.   This allegation is inaccurate.   Both the
19  Debtor and Mr. Alvey were present at the initial Meeting of
20  Creditors, at which the October 18 Meeting was announced by the
21  Trustee.   Mr. Alvey, the Debtor's counsel of record, was present
22  at the October 18 Meeting, at which the October 26 meeting was
23  announced.   The court therefore cannot conclude that reasonable
24  notice of the continued Meeting of Creditors was somehow not
25  provided to the Debtor.

26      The Debtor also alleges that Counsel and/or the Trustee
27  fraudulently represented to her probation officers that the
28  Debtor is required by law to appear at her Meeting of Creditors,

and/or that the production of documents to the Trustee is legally required.  The representations were, however, entirely accurate. While Counsel's correspondence to the officers loosely referred to the Meeting of Creditors as a court hearing, this was in no may materially misleading, because there is nonetheless a clear legal requirement that the Debtor, without need for any order to do so, attend her Meeting of Creditors.  11 U.S.C. § 343.  The Debtor is also clearly required to produce documents requested by the Trustee, unless she obtains a court order providing otherwise.  11 U.S.C. § 521(a)(3), (4); see also 11 U.S.C. § 727(a)(4)(D) (withholding of requested documents is a ground for denial of the discharge).

Based on the foregoing, the court concludes that neither Counsel nor the Trustee made any fraudulent representation to the probation officers in connection with the Debtor's Meeting of Creditors, and provided legally sufficient notice to the Debtor in regards to the continued Meetings of Creditors in the Case.

### 3. Alleged Wrongdoing in Communications With the Debtor's Probation Officers

The Debtor argues that Counsel's communications with the Debtor's probation officers was prohibited by applicable Rules of Professional Conduct.  The Debtor further argues that her probation officers are her agents, a status which might cause such communications to be indirect communications with the Debtor outside the presence of her counsel.  But the Debtor has offered no authority for either proposition, and the court concludes that there is none.  In addition, Counsel told Mr. Alvey at the October 18, 2006 Meeting of Creditors that he would later

1 communicate with the probation officers regarding the Debtor's
2 attendance, and Mr. Alvey offered no objection.

3     The Debtor also asserts that Counsel falsely presented
4 himself to the parol officers as a court official.  There is
5 nothing in the record to support that assertion.  Counsel's
6 correspondence to the parole officers states clearly that he was
7 acting as the attorney for the Trustee, and there is no statement
8 or even inference that he was acting as a court official.

9     The court therefore concludes that Counsel and the Trustee
10 committed no wrongdoing in regard to communications between
11 Counsel and the Debtor's probation officers.

12                 4. Alleged Perjury by the Trustee

13     The Debtor asserts that the Trustee has committed perjury in
14 statements made in declarations filed with this court and has
15 knowingly filed reports that are erroneous.

16     The Debtor asserts that the Trustee's alleged perjury
17 consists of the following statement in her declaration filed in
18 support of her October 26, 2006 motion to compel the Debtor to
19 appear at the Meeting of Creditor and to produce documents (D.C.
20 No. MPD-3):  "[B]y letter dated July 5, 2006, the debtor, through
21 her attorney, was asked to produce certain documents at or before
22 her first meeting [on July 19]."  The Debtor asserts the
23 statement is false because her July 5 letter stated that the
24 documents were to be produced by July 12.  The Debtor also
25 asserts that the Trustee committed perjury through the following
26 statement in her declaration in support of her November 20, 2006
27 motion to extend the time to object to the Debtor's discharge
28 (D.C. No. MPD-4):  "The debtor appeared at her first meeting of

- 9 -

1 | creditors, on July 19, 2006. I examined her at the time. She
2 | did not produce the documents requested."

3 | Neither of the Trustee's statements, however, is incorrect.
4 | It is clear that the Debtor had not produced all required
5 | documents either on July 12 or on July 19, 2006. The Debtor
6 | therefore has no grounds to complain that perjury occurred,
7 | whether or not there was a formal request to produce the
8 | documents on July 19, when the Meeting was first conducted. The
9 | court therefore finds that no perjury occurred.

10 |
11 |

5. Alleged Wrongdoing in Connection<br>With Reports Filed With the Court

12 | The Debtor complains that the Trustee filed false reports
13 | with the court. It is true that the two reports outlined above
14 | incorrectly recited the attendance of the Debtor at Meetings of
15 | Creditors, where in fact the Debtor did not appear.

16 | According to the United States Trustee, an inaccurate report
17 | can be the result of inadvertence and the default setting of the
18 | software used by the Trustee to report Meetings of Creditors. In
19 | any case, however, the reports have been amended by the Trustee,
20 | which is a normal and customary practice for correcting
21 | inadvertent errors after such errors are discovered.

22 | The Debtor has offered no grounds for any finding that the
23 | inaccuracies mentioned were anything but inadvertent, or that the
24 | amendments are any wrongful alteration of court records. The
25 | court therefore concludes that the Trustee committed no
26 | wrongdoing in connection with the reports she has filed in the
27 | Case in connection with the Meeting of Creditors.
28 | / / /

- 10 -

### III. CONCLUSION

The Debtor has failed to demonstrate cause for the termination of the Trustee's service or Counsel's employment in the Case.  The court finds that neither the Trustee nor Counsel committed any act which merits discipline by this court.  The court will issue an order consistent with this memorandum.

Dated:   January 22, 2007

*Robert Bardwil*

ROBERT S. BARDWIL
United States Bankruptcy Judge

- 11 -

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
2122 East St.
Redding, CA 96001

Darryll Alvey
1907 Park Marina Dr.
Redding, CA 96001

DATE: January 22, 2007

Deputy Clerk

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING


     The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
hereby certifies that a copy of the document to which this
certificate is attached was mailed today to the following
entities listed at the address shown on the attached list or
shown below.

Betsey Warren Lebbos
PO Box 197
New Almaden, CA 95042


DATED: 1/22/07        By: _____
                            Deputy Clerk
                         BARBARA REYNOLDS

EDC 3-070 (New 4/21/00)