UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 06-22225-D-7
) Docket Control No. BWL-2
BETSEY WARREN LEBBOS, )
)
        Debtor. )
_____)

**MEMORANDUM DECISION DENYING EX PARTE APPLICATION
FOR ORDER STAYING ADVERSARY PROCEEDING PENDING APPEAL**

    The court issued an order on January 22, 2007 denying the request of Betsey Warren Lebbos (the "Debtor") made in her letter to the court filed November 1, 2006 which was later briefed as a motion (a) to terminate the appointment of Linda Schuette as the trustee in the Debtor's case, (b) to terminate the appointment of Michael Dacquisto as Schuette's attorney, and (c) for disciplinary relief against the Schuette and Dacquisto.[1]  On January 29, 2007 the Debtor filed an Ex Parte Application for Stay of Proceeding Pending Appeal, Presentation of Disqualification Issues, and Change of Venue (the "Stay Application").

/ / /

---

[1] The January 22, 2007 Order shall be referred to as the "Order Denying Motion".

Although the Debtor does not specifically identify the order she is attempting to stay in the Stay Application, the court concludes the Debtor is seeking to have the court stay the Order Denying Motion. The Order Denying Motion does not grant any affirmative relief, but rather denies certain relief requested by the Debtor. As such, the Order Denying Motion merely continues the status quo.

In determining whether to stay an order, the courts in the Ninth Circuit apply the standard employed when considering a motion for preliminary injunction. See, Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988). This standard requires that the movant demonstrate either, (1) a combination of probable success on the merits, and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and a balance of hardship tipping sharply in favor of the movant. Cadance Design Sys., Inc. v. Avant! Corp., 125 F.3d 824, 826 (9th Cir. 1997).

The Debtor's argument for a stay pending appeal does not demonstrate that the Debtor will probably succeed in overturning the Order Denying Motion on appeal, and the possibility of irreparable harm, or the existence of serious questions going to the merits of the Order Denying Motion, and that in balancing the hardships it tips sharply in favor of the Debtor. As such, the Stay Application fails to establish the elements necessary for a stay under the Federal Rules of Bankruptcy Procedure, Rule 8005.

Accordingly, the court denies the Stay Application and the court will issue an order consistent with this Memorandum.

1 | Dated:    FEB - 2 2007              *Robert Bardwil*
                                         Robert S. Bardwil, Judge
2 |                                      United States Bankruptcy Court

3

## Certificate of Service

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 197
New Almaden, CA 95042

DATED: February 2, 2007

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____Andrea Lovgren_____
        Deputy Clerk

4