FILED

MAY - 1 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                              ) Case No. 06-22225-D-7
                                    )
BETSEY WARREN LEBBOS,               )
                                    )
                                    )
         Debtor.                    )
_____)

MEMORANDUM DECISION DENYING EX PARTE APPLICATION
FOR STAY OF PROCEEDINGS PENDING THREE APPEALS

On January 22, 2007, the court issued an order denying the request of Betsey Warren Lebbos ("the Debtor"), made in her letter to the court filed November 1, 2006, which was briefed as a motion (a) to terminate the appointment of Linda Schuette ("Trustee") as the trustee in the Debtor's case, (b) to terminate the appointment of Michael Dacquisto ("Trustee's Counsel") as the Trustee's attorney, and (c) for disciplinary relief against the Trustee and Trustee's Counsel. On February 15, 2007, the Debtor filed a notice of appeal from the January 22 order. On April 20, 2007, the Debtor filed a notice of appeal from the court's April 13, 2007 order denying the Debtor's request to disqualify the undersigned.[1] On April 27, 2007, the Debtor filed a notice of appeal from the court's April 27, 2007 minute order denying the Debtor's motion to change venue.[2]

_____

1. The Debtor also filed notices of appeal from the corresponding orders filed in Adv. Nos. 06-2314 and 07-2006, which orders denied the Debtor's request to disqualify the undersigned in the two adversary proceedings.

2. The Debtor also filed a notice of appeal from the court's April 27, 2007 minute order denying the Debtor's motion to change venue in Adv. No. 06-2314.

On April 24, 2007, the Debtor filed an Ex Parte Application for Stay of Proceedings Pending Three Appeals ("the Application"). The Debtor cites Rule 8005 of the Federal Rules of Bankruptcy Procedure, and frames her argument in terms of the standards applicable to a stay pending appeal. The court concludes that the Debtor seeks a stay of the orders that are on appeal pending the outcome of the appeals.

The Debtor does not identify the three appeals with specificity; instead, she refers to issues in four pending appeals--her appeals from the orders on (1) her request to terminate the appointment of the Trustee and Trustee's Counsel, (2) her request to disqualify the undersigned, (3) her motion to change venue, and (4) her motion to dismiss the Trustee's adversary proceeding against her (Adv. No. 07-2006). The court concludes that the Debtor is seeking an order staying all these orders pending the outcome of the appeals.

In determining whether to stay an order, the courts in the Ninth Circuit apply the standard employed when considering a motion for preliminary injunction. See Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988). This standard requires that the movant demonstrate either (1) both a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and a balance of hardships tipping sharply in favor of the movant. Cadance Design Sys. v. Avant! Corp., 125 F.3d 824, 826 (9th Cir. 1997).

The court has previously considered and reconsidered the Debtor's request to terminate the appointment of the Trustee and

Trustee's Counsel.  The court also carefully considered all the evidence and argument presented by the Debtor in support of her motions to disqualify the undersigned, to change venue, and to dismiss the Trustee's adversary proceeding, as well as the arguments presented in the present Application.  The Application presents no new argument that would cause the court to conclude that the Debtor is likely to prevail on any of her appeals.

The Debtor argues that as a result of the condition of her health, there is a possibility of irreparable harm if a stay is not issued and she is forced instead to travel to Redding to attend the continued meeting of creditors.  This argument is now moot as a result of the court's interim ruling on the Trustee's motion under Rule 2005 of the Federal Rules of Bankruptcy Procedure to have the Debtor physically brought before the court (Docket Control No. MPD-10).

On April 25, 2007, the court heard argument on that motion, and having considered the arguments, together with the papers filed in support of and in opposition to the motion, ruled that the Trustee is authorized to conduct an examination of the Debtor under Rule 2004 of the Federal Rules of Bankruptcy Procedure, on ten days' notice, such examination to take place at the United States Courthouse in San Jose, California, in the area where the Debtor presently resides.  Thus, at least for the time being, the Debtor is not required to travel to Redding.

In the Application, the Debtor also requests a stay pending this court's ruling on a Notice of Hearing of Motion to Dismiss Petition As No Debtor's Signature or Approval, filed by the Debtor on April 25, 2007.  The Debtor caused that matter to be

set for hearing on May 9, 2007, at 10:00 a.m. While the court is making no ruling on the merits of that matter in this memorandum, the court notes that notice was not served on all creditors, as required by Rule 2002(a)(4) of the Federal Rules of Bankruptcy Procedure. Further, the Debtor did not give 20 days' notice of the hearing, as required by the same rule, or comply with the notice requirements of Local Bankruptcy Rule 9014-1.

In addition, the declaration of Darryll Alvey and exhibits filed April 12, 2007 raise an issue of fact as to whether the Debtor signed the petition commencing the bankruptcy case in this district. In short, the court is not persuaded at this juncture that the Debtor's pending motion to dismiss this case is likely to be successful.

The Debtor claims that the appellees will suffer no harm from the requested stay. However, in support, the Debtor offers nothing more than a restatement of her position that she will prevail on her appeals, and that she will prevail on a summary judgment motion in the Alonso v. Lebbos adversary proceeding (Adv. No. 06-2314). No such motion has yet been filed, and the court has seen nothing that would persuade the court at this stage that the Debtor is likely to prevail. The court notes also that the Debtor has failed to address or refute the probable hardship to the creditors in this case from an indefinite stay pending appeal.

Finally, the court declines to conclude that the public interest would be served by the issuance of a stay pending appeal.

In summary, the Debtor has not demonstrated both (1) that she is likely to succeed on the merits of her appeals or her motion to dismiss this case and (2) that the absence of a stay creates the possibility of irreparable injury to her. Similarly, she has not shown the existence of serious questions going to the merits of her appeals or her motion, and has failed to show that a balancing of the hardships tips in her favor.

Accordingly, the court denies the Application, and will issue an order consistent with this memorandum.

Dated: May 1, 2007

ROBERT S. BARDWIL
United States Bankruptcy Judge

# CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 197
New Almaden, CA 95042

Raymond Aver
12424 Wilshire Blvd., #750
Los Angeles, CA 90025

George Alonso, Jr.
357 W Main Street, #203
Merced, CA 95340

DATE: May 1, 2007                        _____
                                                  Deputy Clerk