FILED
JUN 19 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                  ) Case No. 06-22225-D-7
                                        )
BETSEY WARREN LEBBOS,                   )
                                        )
                                        )
              Debtor.                   )
_____)

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or Issue preclusion**

### MEMORANDUM DECISION ON EX PARTE REQUEST FOR A STAY OF SALE OR COMPROMISE OF LAWSUIT

On June 13, 2008, Betsey Warren Lebbos, the debtor herein, filed an Ex Parte Request for a Stay of Sale or Compromise of Lawsuit ("the Request") in this bankruptcy case. For the reasons set forth below, the court will deny the Request.

### I. INTRODUCTION

On February 11, 2008, Linda Schuette, chapter 7 trustee in this case, filed a motion ("the Sale Motion") for approval of the compromise and/or sale of certain claims of the debtor asserted in and related to a lawsuit entitled <u>Betsey Warren Lebbos v. Judges of the Santa Clara Superior Court</u>, et al., Case No. 02-01944, pending in the United States District Court for the Central District of California ("the State Court Action"). On February 26, 2008, the debtor filed a motion to continue the hearing on the Sale Motion, in which she sought a continuance and also set forth various arguments in opposition to the Sale

Motion. A hearing was held on March 12, 2008, at which attorney John Read appeared specially for the debtor. The court denied the debtor's request for a continuance and granted the Sale Motion. A minute order granting the Sale Motion was entered on March 13, 2008 ("the Order").

In the Request, the debtor seeks a stay of the Order "pending completion of the investigation" concerning her assertion that the trustee failed to give proper notice of the Sale Motion.

## II. ANALYSIS

This court has jurisdiction over the Request pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Request is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (N) & (O).

The debtor provides no statutory or rule authority for her Request, and she makes no mention of a pending appeal from the Order. However, the court's docket in this case discloses that the debtor has filed a notice of appeal from the Order. The court thus construes the Request as a request for a stay pending appeal, pursuant to Federal Rule of Bankruptcy Procedure 8005.

The debtor contends that the trustee failed to give notice of the Sale Motion to the debtor, to her attorney in the State Court Action, Joseph Giovanazzi, and to creditors. The contention that the debtor herself did not receive notice is inexplicable in that approximately two weeks before the hearing, she filed a ten-page motion for a continuance of the hearing, and she was able to have an attorney make a special appearance on her behalf at the hearing. The contention that Giovanazzi did not receive notice was addressed in the court's findings and

conclusions, read into the record at the hearing on the Sale Motion.  The court finds no reason in the present Request to alter those findings and conclusions.

Finally, the debtor claims that creditor Paul Deavenport did not receive notice of the Sale Motion.  Attached to the Request is a declaration of Paul Deavenport, in which he testifies that he "was not served at any time with a motion to sell the federal lawsuit . . . ."

By contrast, the proof of service of the Sale Motion evidences service of the notice of hearing on Deavenport at the address listed in the debtor's master address list filed in this case.  Deavenport has not filed a notice of change of address or a proof of claim in this case advising the court and the parties of any other address.  Further, on January 9, 2008, Deavenport filed a declaration outlining various arguments in opposition to a prior motion by the trustee to approve a compromise of the State Court Action.  Deavenport did not indicate in that declaration that he had not been served with the prior motion or that he had had any problems with service of notices in this case.  Finally, as noted in the findings and conclusions stated on the record at the hearing on the Sale Motion, the debtor herself has called into question Deavenport's status as a creditor in this case.  The present declaration fails to convince the court that service of the Sale Motion was improper.

On a final note, the debtor makes the suggestion for the first time in the Request that she, Giovanazzi, and Deavenport were deprived of the opportunity to bid on the claims that were the subject of the Sale Motion.  By contrast, the notice of

hearing of the Sale Motion advised interested parties that the proposed compromise might be considered as a sale, and that the trustee would offer the claims for sale at the hearing. The notice of hearing contains the trustee's proposals for the sale procedures. No one expressed any interest in entering an overbid at the hearing. In her motion for a continuance of the hearing, the debtor raised several arguments in opposition to the Sale Motion and in support of a continuance; she made no mention of any interest in overbidding and no suggestion that any other party might need more time to prepare an overbid.

## II. CONCLUSION

In conclusion, nothing in the present Request persuades the court (1) that the Debtor is likely to succeed on the merits of her appeal or her investigation, and (2) that the absence of a stay creates the possibility of irreparable injury to her, to creditors, or to the public interest. Similarly, she has not shown the existence of serious questions going to the merits of her appeal, and has failed to show that a balancing of the hardships tips in her favor. See Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988); Cadance Design Sys. v. Avant! Corp., 125 F.3d 824, 826 (9th Cir. 1997).

Accordingly, the court will deny the Request.

Dated: June 19, 2008

ROBERT S. BARDWIL
United States Bankruptcy Judge

- 4 -

Case 06-22225   Filed 06/19/08   Doc 579

## CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a true copy of the attached document was mailed today to the following entities listed at the address(es) shown below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Linda Schuette
P.O. Box 743
Palo Cedro, CA 96073

Michael Dacquisto
1901 Court Street
Redding, CA 96001

Betsey Warren Lebbos
P.O. Box 41306
Long Beach, CA 90853-1306

Jason Gold
17091 Elm Street, Suite 3
Huntington Beach, CA 92646

Thomas Carter
P.O. Box 41175
Long Beach, CA 90853

DATE: June 19, 2008               _____
                                   Andrea Lovgren